# Schoenbaechler, Appellant, *v.* Land, Title & Trust Company.

*Contract—Affidavit of defense—Breach—Time of performance.*

In an action on a claim based on a promise of the defendant to pay in the event of a sale of certain real estate, an affidavit of defense is sufficient which alleges that the property in question was not sold, but was exchanged for other real estate which defendant still held, and that the time for the payment under the contract had not yet arrived.

Argued Oct. 16, 1902. Appeal, No. 132, Oct. T., 1902, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1902,

No. 2432, discharging rule for judgment for want of a sufficient affidavit of defense in case of Conrad Schoenbaechler v. Land Title & Trust Company.   Before RICE, P. J., BEAVER, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on a contract.

The record showed that plaintiff's claim was based upon the following letter :

November 4, 1898.

" MR. CONRAD SCHOENBAECHLER,

     " 3240 North 19th Street.

" Dear Sir : In connection with your mortgage loan of $3,000 on the Jessups Mills property in Mantua township, Gloucester county, New Jersey, and in consideration of settlement made this day, I beg to say that in accordance with arrangement entered into, we will, upon the sale by us of said premises, pay to you the sum of two hundred and ninety dollars and fifty cents, being the amount of the interest accrued on said mortgage, at the rate of six per cent from March 24, 1897, to this date, provided said premises sell for a price or sum sufficient to pay all sums expended by this company on account of said premises, and all costs and expenses incident to the transaction, other than the sum paid in satisfaction of the William H. Haines mortgage of $400.

                              " Very truly yours,

                                   " WM. R. NICHOLSON,

                                        " President."

Defendant's affidavit of defense was as follows :

In the year 1897, the defendant issued its policy of insurance No. 29,824 in favor of the plaintiff, insuring a certain mortgage for $3,000, secured upon a tract of seventy-five acres of land in Mantua township, Gloucester county, New Jersey, as being a first incumbrance upon said premises.   The amount of said policy was $3,000.   Said premises were subsequently sold under foreclosure of a prior incumbrance which discharged the plaintiff's mortgage, and were bought by the defendant at such sale to protect its interest.   The defendant thereupon, on November 4, 1898, paid to the plaintiff said sum of $3,000, being the full amount of its policy and of the principal of said

mortgage, and gave plaintiff the letter, of which a substantially correct copy is set out in plaintiff's statement.

Defendant was unable to keep the property aforesaid tenanted and found it a source of constant expense. It therefore, when opportunity offered, exchanged the same for the twenty-one houses on Wishart street in the city of Philadelphia set out in plaintiff's statement, considering that said houses could be more easily sold than said premises in New Jersey. The defendant has not yet sold any of these houses.

The sums expended by the defendant on account of said New Jersey premises, exclusive of the sum paid in satisfaction of the William H. Haines mortgage of $400, aggregate $4,267.42. Defendant has not yet been reimbursed for the amount of said outlays. It has not received any payment in cash in consequence of the disposition of said property as herein set out. Under the agreement set out in its letter of November 4, 1898, plaintiff is therefore not yet entitled to recover anything from defendant.

I make all the foregoing averments upon information and belief, and I expect to be able to prove the same at the trial of this case.

Defendant is advised by counsel, and I therefore aver, that the transaction by which the defendant parted with the title to the New Jersey premises and took title to the premises on Wishart street was not a sale such as was contemplated by its letter of November 4, 1898, but was merely an exchange of two pieces of property, and that the defendant holds the property on Wishart street which it took in such exchange subject to the stipulations contained in its letter of November 4, 1898, as aforesaid. The said sum of $290.50 claimed by the plaintiff has therefore not yet become due to the plaintiff under said agreement of November 4, 1898.

Defendant therefore owes the plaintiff nothing at the present time.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Frederick L. Breitinger*, for appellant.

*John G. Johnson,* for appellee.

PER CURIAM, November 19, 1902 :

The plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense, which, upon argument, was discharged.

There is no denial of the facts by either party. Defendant admits that plaintiff may have a valid claim but that the time for payment thereof has not arrived. The claim is based upon a promise of the defendant to pay, in the event of a sale of certain real estate, the title to which was held by it. The affidavit of defense alleges that the property in question was not sold but was exchanged for a number of houses in Philadelphia which defendant still held and that the time for the payment under the contract had not yet arrived. Whether or not it will ever arrive will depend upon the amount ultimately realized upon the sale.

The order of the court below, discharging the rule for judgment, is, therefore, affirmed.